IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS A. SIMONIAN,

    Plaintiff,

v.

THE QUIGLEY CORPORATION,

    Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant THE QUIGLEY CORPORATION ("Defendant") as follows:

### I.
### NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its COLD-EEZE® branded products with United States Patent Numbers 4,684,528 ("the '528 Patent) and 4,758,439 ("the '439 Patent") (collectively, "the Expired Patents"), even though both patents are expired, and have been expired since June 10, 2005 (the '528 Patent) and August 3, 2007 (the '439 Patent). On information and belief, Defendant marks certain of its COLD-EEZE® branded products with the Expired Patents with the intent to deceive the public and to gain a competitive advantage in the market.

3. Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4.  Plaintiff is a person residing in Geneva, Illinois.

5.  Defendant THE QUIGLEY CORPORATION is a Corporation established under the laws of the State of Nevada with its principal place of business at Kells Building, 621 Shady Retreat Road, Doylestown, Pennsylvania 18901.

6.  Upon information and belief, Defendant develops and markets natural health care pharmaceuticals and nutriceuticals.

7.  Defendant has been and currently makes and sells COLD-EEZE®-branded homeopathic cold remedy lozenges in a variety of flavors, such as, for example, "All Natural Honey Lemon Flavor," Natural Cherry Flavor," and "Natural Strawberries & Cream Flavor."

8.  Defendant markets COLD-EEZE® as "The Cold-EEZE brand is the #1 pharmacist-recommended zinc cold treatment." (see http://cold-eeze.com/what_is_cold-eeze/ last visited on Feb 23, 2010)

9.  Defendant further markets COLD-EEZE® as "COLD-EEZE® contains the only safe and effective natural formula that has been shown to significantly reduce the duration of the common cold in repeated clinical trials. It offers a significant advancement over the majority of cough/cold products available over-the-counter, which do not reduce the duration of the common cold." (see http://www.quigleyco.com/index.php?page=about-us last visited on Feb 23, 2010)

## III.
## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

12. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## THE EXPIRED PATENTS

13. The '528 Patent, entitled "Flavor of Zinc Supplements for Oral Use," was filed on June 10, 1985, issued on August 4, 1987 and expired on June 10, 2005. A true and correct copy of the '528 Patent is attached hereto as Exhibit A.

14. The '439 Patent, also entitled "Flavor of Zinc Supplements for Oral Use," was filed on August 3, 1987, issued on July 19, 1988 and expired on August 3, 2007. A true and correct copy of the '439 Patent is attached hereto as Exhibit B.

15. Upon information and belief, the Expired Patents disclose zinc supplements for oral use without undesirable aftertaste. The background section of the Expired Patents states in relevant part as follows:

> *"Accordingly, in order to take advantage of the important effect of zinc upon the common cold it is necessary to develop a formulation or formulations of pharmaceutically acceptable zinc salts which are palatable enough to be taken with the frequency necessary to suppress the symptoms of the common cold."* (col. 2, lines 58 – 63)

## V.
## COUNT I

16. Plaintiff incorporates paragraphs 1-15 as if fully set forth herein.

17. Upon information and belief, Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its COLD-EEZE®-branded homeopathic cold remedy lozenges.

18. The '528 Patent expired on June 10, 2005.

19. The '439 Patent expired on August 3, 2007.

20. Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the Expired Patents: COLD-EEZE®-branded homeopathic cold remedy lozenges ("COLD-EEZE®").

21. COLD-EEZE® is currently sold in a number of different packaging variations. An exemplary packaging marked with the Expired Patents is shown below:

 

4



22.     The instance of false marking shown in paragraph 21 above is representative and not exhaustive.

23.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

24.     Upon information and belief, Defendant is a sophisticated company and has experience applying for, obtaining, and litigating patents.

25.     Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

26.     Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Expired Patents marked on the COLD-EEZE® products have expired.

27.     Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the COLD-EEZE® products are not covered by the Expired Patents marked on such products because an expired patent has no prospective patent rights.

28.     As a sophisticated company with, upon information and belief, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. §292.

29. The false patent markings for the COLD-EEZE® products are found on the product packaging. (see paragraph 21 above)

30. Upon information and belief, Defendant intentionally included the Expired Patents in the patent markings of the COLD-EEZE® products, in an attempt to prevent competitors from using the same or similar formulations of zinc compounds.

31. Upon information and belief, Defendant marks the COLD-EEZE® products with the Expired Patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the Expired Patents.

32. Each false marking on the COLD-EEZE® products is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

33. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

34. Upon information and belief, Defendant knows, or reasonably should know, that marking the COLD-EEZE® products with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

35. Upon information and belief, Defendant's marking of its COLD-EEZE® products with the Expired Patents, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

36. Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result,

has likely benefitted in at least maintaining its considerable market share with respect to the herein described COLD-EEZE® products in the market place.

37. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

38. Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) All costs and fees incurred as a result of the prosecution of this action; and

(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VII.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 23, 2010

Respectfully submitted,

_____
Joseph M. Vanek

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissmann@emcpc.com
E-mail: mcadrot@emcpc.com
E-mail: erynne@emcpc.com