# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1259 | **DATE** | 7/19/2010 |
| **CASE TITLE** | Simonian vs. The Quigley Corp. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [18] is granted. Defendant's motion to stay [21] and motion to transfer [24] are denied as moot.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

On February 24, 2010, at 3:11 p.m., plaintiff Thomas Simonian filed this *qui tam* action. Simonian's complaint alleges that defendant, The Quigley Corporation, marked certain of its COLD-EEZE-branded products with two expired patents, in violation of 35 U.S.C. § 292(a). It is undisputed that another plaintiff filed an identical action against the same defendant in the Southern District of New York several hours before Simonian filed this action in the Northern District of Illinois. Defendant argues that because it had already been sued in the New York case, Simonian lacked standing to bring his identical action here, and accordingly that this action must be dismissed.

35 U.S.C. § 292(a) prohibits marking unpatented articles as patented for the purpose of deceiving the public; each such false marking offense is punishable by a $500 fine. The statute provides that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292(b).

The false marking statute is one of four *qui tam* statutes remaining on the books; all were enacted over a century ago. See Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 768 n.1 (2000). *Qui tam* laws permit private citizens to file enforcement actions on behalf of the government, in return for a bounty. See U.S. ex rel. Hall v. Tribal Dev. Corp., 49 F.3d 1208, 1212 (7th Cir. 1995). "By permitting members of the public to sue on behalf of the government [under 35 U.S.C. § 292], Congress allowed individuals to help control false marking." Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1303-04 (Fed. Cir. 2009).

Defendant argues that only one private individual can assert a cause of action on behalf of the government in a *qui tam* action under 35 U.S.C. § 292, and that subsequent filers, such as Simonian, lack standing to bring the same claims against the same defendant. There are few cases interpreting the false

marking statute, and it appears that no court has addressed this issue. Indeed, defendant reaches far to find support for its argument, relying on a 1941 case brought in the Southern District of New York under the False Claims Act. See U.S. v. B.F. Goodrich Co., 41 F. Supp. 574, 575 (S.D.N.Y. 1941).

The version of the False Claims Act in place when the B.F. Goodrich case was decided contained a *qui tam* provision similar to the *qui tam* provision in the false marking statute:
> [An action] may be brought and carried on by any person, as well for himself as for the United States; the same shall be at the sole cost and charge of such person . . . . The person bringing the suit and prosecuting it to final judgment shall be entitled to receive one-half the amount of such forfeiture, as well as of damages recovered and collected, and the other one-half shall belong to and be paid over to the United States . . . .

B.F. Goodrich Co., 41 F. Supp. at 575. When confronted with multiple similar actions brought against the same defendant, the B.F. Goodrich court noted that "[o]bviously, under the general rule well known and so long adhered to, one plaintiff should not be permitted to bring and maintain at the same time more than one action for the same relief." Id. Because the statute provided for "but one action and one division" of any proceeds, the court concluded that "[t]he first plaintiff has sole control of the action" and "second or subsequent attempts by others can have no standing." Id. Congress later amended the False Claims Act to add an explicit "first-to-file" provision, see 31 U.S.C. § 3730(b)(5); the Act's legislative history explains that "[w]hile there are few known instances of multiple parties intervening in past *qui tam* cases . . ., the Committee wishes to clarify in the statute that private enforcement under the civil False Claims Act is not meant to produce class actions or multiple separate suits based on identical facts and circumstances." S. Rep. No. 99-345, at 25 (1986).

Although Simonian's characterization of B.F. Goodrich as "hoary New York case law" is well taken, this Court agrees with the reasoning in that case. As in the False Claims Act, the false marking statute contains no provision allowing for multiple private plaintiffs to share in a recovery. Rather, it contemplates only a single action brought by a private individual on behalf of the United States. Just as the United States could not bring multiple identical actions against a defendant under the false marking statute, multiple private plaintiffs cannot do so on the government's behalf.

As noted above, Simonian does not dispute that his case is identical to the action filed in the Southern District of New York, or that the New York case was filed first. Nor does Simonian argue that the false marking statute permits multiple identical actions. Instead, Simonian argues that the New York plaintiff does not have standing under the current state of the law in that circuit, and thus that Simonian is the first and only plaintiff with standing to have filed these claims against this defendant.

Simonian's argument is unpersuasive. In support of his argument that the New York plaintiff lacks standing, Simonian cites only Stauffer v. Brooks Bros., Inc., in which the district court for the Southern District of New York held that a plaintiff lacked standing to bring his action under the false marking statute because he failed to adequately allege an injury-in-fact. See 615 F. Supp. 2d 248 (S.D.N.Y. 2009). However, that district court decision is not binding authority even within the Southern District of New York, see TMF Tool Co. v. Muller, 913 F.2d 1185, 1191 (7th Cir. 1990), and the court in the New York case at issue here apparently has not addressed the issue of its plaintiff's standing. Moreover, the Stauffer case is currently on appeal in the Federal Circuit, and any decision in that appeal will apply to both the New York plaintiff and Simonian.

Since Simonian's action here is identical to an earlier-filed action against the same defendant, the

## STATEMENT

Court concludes that Simonian lacks standing. Defendant's motion to dismiss is granted. Defendant's motions to stay and to transfer are denied as moot.

*George W. Lindberg*